BRANDON W. MCCOY, Esq.
Nevada Bar No.: 10402
**MCCOY LAW GROUP, Ltd.**
625 S. 8th Street, 2nd Floor
Las Vegas, NV 89101
(702) 384-2600 *Telephone*
(702) 384-2603 *Facsimile*
bmccoy@mccoylawgroup.com
*Attorney for Defendant,*
*TAHJAE RAY*

**UNITED STATES DISTRICT COURT**

**NEVADA**

PRIMERICA LIFE INSURANCE COMPANY, a foreign corporation,

Plaintiff,

vs.

AARON LATERRELL HARRIS, SR. an individual; TAH'JAE RAY, as potential special representative of the ESTATE OF CANDACE HARRIS

Defendants.

Case No.: 2:22-cv-00660-RFB-BNW

**DEFENDANT'S MOTION TO STAY SCHEDULING ORDER DEADLINES [30]**

Defendant, TAH'JAE RAY (hereinafter "Ray") by and through her attorney, BRANDON W. MCCOY, ESQ., of MCCOY LAW GROUP, LTD, pursuant to Federal Rule of Civil Procedure, hereby files her Motion to Stay Scheduling Order Deadlines [30] in this matter.

This Motion is based on papers and pleadings on file herein, the following memorandum of points and authorities and any oral argument the court chooses to entertain at the time of hearing on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

This is an interpleader action to determine which of the two named defendants is entitled to receive the benefit of a life insurance policy following

the death of the decedent, where the named beneficiary, AARON LATERRELL HARRIS, SR.) ("Harris"), has been charged with the felonious and intentional killing of said decedent.

## II. STATEMENT OF RELEVANT FACTS

Primerica issued the subject life insurance policy Number 04903871325 (the "Policy") to Harris. The Policy included a Spouse Term Insurance Rider, which insured the life of Candace Arlene Harris (the "Decedent") in the amount of $250,000 (the "Spouse Rider"), and an Increasing Benefit Spouse Rider, which increased the benefit under the Spouse Rider by 10% each year beginning with the second year, in exchange for an increase in premiums (the "IBR"). Harris was the beneficiary of the Spouse Rider and the IBR.

The Decedent was killed on September 24, 2020, at which time the total benefit on the life of the Decedent under the Spouse Rider and the IBR was $325,000 (the "Benefit"). Harris is ***alleged*** in Eighth Judicial District Court Criminal Case No. C-20-351959-1, to have murdered the Decedent. Harris' murder trial is currently set for May 30, 2023, and he is currently incarcerated. As such, adhering to the present schedule could be moot if Harris is found guilty and not permitting a stay could be a waste of time for Plaintiff, Defendants, and this Court. Therefore Defendant, Ray, would ask the Court stay the deadlines contained in the Scheduling Order [30] until such time as Harris' trial concludes.

## III. APPLICABLE LEGAL STANDARDS.

Pursuant to **NRS 41B**, a person convicted of murdering the decedent may not be able to inherit the life insurance policy of the decedent. See,

> **NRS 41B.200** General rule; killer cannot profit or benefit from wrong; anti-lapse statute and right of representation; contingent, residuary and other beneficiaries; common law.

> 1. Notwithstanding any other provision of law, the provisions of this chapter apply to any appointment, nomination, power, right, property, interest or benefit that accrues or devolves to a killer of a decedent based upon the death of the decedent. If any such appointment, nomination, power, right, property, interest or benefit is not expressly covered by the provisions of this chapter, it must be treated in accordance with the principle that a killer cannot profit or benefit from his or her wrong.

Subsection 1 states that a *beneficiary may lose interest in the estate if he or she has been "charged with or convicted or acquitted" of murder of the estate's grantor*. Subsection 1(b) expands the possibilities further to include a "culpable actor…arising out of the facts surrounding the killing." As you can see, charged with and acquitted, are standards far less strenuous than a conviction. [Emphasis mine]

> **NRS 41B.260** Civil action: Parties; burden of proof; evidence; stay of proceedings; limitation on time for commencement.
>
> 1. For the purposes of this chapter, an interested person may bring a civil action alleging that a person was a culpable actor in the felonious and intentional killing of a decedent. An interested person may bring such a civil action whether or not any person who is alleged to be a killer in the civil action or any other person is or has been, in a separate criminal action, charged with or convicted or acquitted of being:
>
> (a) A culpable actor in the felonious and intentional killing of the decedent; or
>
> (b) A culpable actor in any other offense arising out of the facts surrounding the killing of the decedent.
>
> 2. If an interested person brings a civil action pursuant to this section, the court shall determine, by a preponderance of the evidence, whether a person who is alleged to be a killer of the decedent was a culpable actor in the felonious and intentional killing of the decedent. If the court finds by a preponderance of the evidence that a person who is alleged to be a killer of the decedent was a culpable actor in the felonious and intentional killing of the decedent:

> (a) The finding of the court conclusively establishes for the purposes of this chapter that the person feloniously and intentionally killed the decedent; and
>
> (b) The person shall be deemed to be a killer of the decedent.
>
> 3. If, in a separate criminal action, a person is charged with being a culpable actor in the felonious and intentional killing of a decedent or with any other offense arising out of the facts surrounding the killing of the decedent and:
>
> (a) The person is acquitted of the charge;
>
> (b) The charge is dismissed; or
>
> (c) A verdict or judgment is not reached or entered on the charge for any reason, evidence concerning any such matter is not admissible in a civil action brought pursuant to this section.
>
> 4. Upon its own motion or the motion of an interested person, the court may, in whole or in part, stay the proceedings in a civil action brought pursuant to this section during the pendency of any separate criminal action that has been brought against a person who is alleged to be a killer in the civil action. The provisions of this subsection do not limit the power of the court to stay the proceedings in the civil action for any other reason.

Defendant, Ray, is applying to be appointed as Special Administrator in the Probate Court in order to comply with the inheritance laws. As it appears by a reading of the law that Defendant Harris may not be able to inherit from the Decedent's life insurance policy, it seems reasonable to stay the deadlines of the Scheduling Order until after the criminal trial to see the outcome of the criminal case, wherein it will be determined Harris's culpability or not for the present charge of murder of the decedent and who was the holder of the life insurance policy. Harris' trial is presently set for May 30, 2023. See **Exhibit "A"** Indictment and **Exhibit "B"** Minutes of Criminal Proceedings Dated September 27, 2022 in Case No C-20-351959-1.

//

//

//

## IV. CONCLUSION

Wherefore, Defendant Ray requests this Court stay the deadlines for the Scheduling Order until after the criminal case against the Defendant Harris has concluded.

**DATED:** December 6, 2022.

**MCCOY LAW GROUP, Ltd.**

***/s/ Brandon McCoy***

BRANDON W. MCCOY, Esq.
Nevada Bar No.: 10402
625 S. 8th Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 384-2600 *Telephone*
(702) 384-2603 *Facsimile*
*bmccoy@mccoylawgroup.com*
*Attorneys for Defendant, TAH'JAE RAY*

**ORDER**

IT IS ORDERED that ECF No. 36 is GRANTED as unopposed under LR 7-2(d).

IT IS FURTHER ORDERED that Defendant must file a status report on June 30, 2023.

IT IS SO ORDERED

**DATED:** 4:06 pm, December 27, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served this 6th day of December 2022, via:

**Electronic service** to:
Amy M. Samberg, Esq.
amy.samberg@clydeco.us

**U.S. Mail**, postage prepaid to:
Aaron L. Harris, Sr. #928435
Clark County Detention Center
330 South Casino Center Boulevard
Las Vegas, NV

***/s/ Debbie Massaro***
An Employee of McCoy Law Group. Ltd.