UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, | Case No. 2:22-cv-00660-RFB-BNW |
| Plaintiff, | ORDER |
| v. | |
| AARON L. HARRIS et al, | |
| Defendants. | |

**I.      INTRODUCTION**

Before the Court are two motions: Plaintiff Primerica Life Insurance Company ("Primerica")'s Motion to Dismiss Defendant Harris (Mr. Harris)' Counterclaim (ECF No. 12), and Plaintiff's Motion to Dismiss itself from this interpleader proceeding (ECF No. 31). For the reasons stated below, the Court denies both motions without prejudice as to refiling and stays this case through June 15, 2023, pending Mr. Harris' trial.

**II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Primerica commenced this case by filing its "Complaint in Interpleader" on April 21, 2022. ECF No. 1. In its Complaint, Primerica alleges that it issued a life insurance policy to Mr. Harris on October 11, 2016 (Policy No. 0490387132). Id. The Policy included a Spouse Term Insurance Rider ("Spouse Rider"), which insured the life of Candace Arlene Harris (the "Decedent) in the amount of $250,000.00. Id. The Decedent was killed on September 24, 2020, at which time the total benefit on the life of the Decedent under the Spouse Rider and the IBR was $325,000 (the "Benefit"). Id. The indictment filed in the Eighth Judicial District Court, in Criminal Case No. C-20-351959-1, alleges that Mr. Harris murdered the Decedent. Id.

Mr. Harris' criminal trial was set for October 3, 2022 at the time of filing of the Interpleader action. Id. Primerica alleges that Mr. Harris may be revoked as beneficiary of the Spouse Rider and the IBR if he was a culpable actor in the felonious and intentional killing of the Decedent; if so, the Benefit would be paid to the Decedent's estate. Defendant Ray ("Ms. Ray") is the Decedent's child and is an adult over the age of 18. Id. The Spouse Term Insurance Rider insured the life of Candace Arlene Harris (the "Decedent") in the amount of $250,000 (the "Spouse Rider"). Id. Primerica alleged that it was an uninterested stakeholder, and that it would deposit the Benefit with the Court whenever required. Id.

On May 11, 2022, Mr. Harris filed his Answer and Counterclaim. ECF No. 9. In it, he alleges that Primerica has publicly, maliciously, and deliberately attacked him, and presented a "murder for policy" theory to the prosecutors in his criminal case. Id. He further alleges that he has been prejudiced by Primerica's actions, and that he is entitled to damages as a result. Id. On May 27, 2022, the Court granted Ms. Ray's request for an extension of time to file her answer and any Counterclaims (ECF No. 10). ECF No. 10. On June 1, 2022, Primerica filed its first Motion to Dismiss Mr. Harris' counterclaim (ECF No. 9). ECF No. 12. On June 1, 2022, Primerica moved to set a scheduling conference. ECF No. 13. On June 2, 2022, the Court granted Primerica's motion and set a scheduling conference for June 24, 2022. ECF No. 14. On June 7, 2022, Ms. Ray filed her Answer and Counterclaim. ECF No. 15. On June 7, 2022, Ms. Ray filed a Joinder to the Motion to Dismiss. ECF No. 17. On June 20, 2022, Ms. Ray and Primerica entered a stipulation of dismissal of Ms. Ray's Counterclaim. ECF No. 18. On June 21, 2022, the Court granted the stipulation and dismissed Ms. Ray's Counterclaim. ECF No. 19.

On June 24, 2022, the Court held a scheduling conference. ECF No. 20. At the conference, the Magistrate Judge issued an Order to Show Cause against counsel for Ms. Ray and Mr. Harris, who is proceeding pro se, as to why they are not present at the proceeding. Id. On June 27, 2022, Primerica filed a Notice of Non-Opposition to the Motion to Dismiss. ECF No. 21. Primerica also filed a Motion for Interpleader Deposit of Disputed Ownership Funds. ECF No. 22. On June 23, 2022, the Court granted the Motion for Interpleader Deposit of Disputed Ownership Funds. ECF No. 23. On July 11, 2022, Ms. Ray filed her Non-Opposition to the Motion to Dismiss. ECF

No. 24.  The Motion to dismiss, however, concerned Mr. Harris' Counterclaim only, and did not involve Ms. Ray.  See ECF No. 12.

On July 18, 2022, Primerica filed a Motion to Amend the Court's Order authorizing the Interpleader Deposit.  ECF No. 25.  On July 19, 022, the Court granted the Motion and allowed Primerica to add applicable interest and refunded premiums to its Deposit with the Court.  ECF No. 26. On July 20, 2022, the Interpleader Deposit was received by the Court.  ECF No. 28.  On July 20, 2022, Mr. Harris responded to the Motion to Dismiss. ECF No. 32.  On July 21, 2022, Ms. Ray filed a proposed Discovery Plan and Scheduling Order.  ECF No. 30.  On July 21, 2022, Primerica filed a Motion to Dismiss itself from the Action.  ECF No. 31. On July 12, 2022, Primerica filed its Reply in support of its Motion to Dismiss (ECF No. 12) Mr. Harris' Counterclaim (ECF No. 9).  ECF No. 33.  On July 22, 2022, the Court granted the proposed Discovery Plan and Scheduling Order. ECF No. 34. The parties had until December 21, 2022 to complete Discovery.  Id.

On December 6, 2022, Ms. Ray filed a Motion to Stay Discovery, because Mr. Harris' trial was then set for May 30, 2023. ECF No. 36-1. On December 26, 2022, the Court granted the Motion to Stay Discovery and ordered Ms. Ray to file a status report on June 30, 2023.  ECF No. 37.  On January 27, 2023, the Court set a hearing by videoconference for February 21, 2023, on the pending Motions to Dismiss.  ECF No. 38.  On January 31, 2023, the Hearing was vacated and reset to an in-person hearing on February 23, 2023.  ECF No. 39.  The Warden of Clark County Detention Center was ordered to produce Mr. Harris for the hearing.  ECF No. 40.  Mr. Harris was not produced at the hearing, and the hearing was vacated; the Court took the pending Motions under submission.  ECF No. 41.  This order follows.

### III.    LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and

3

are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### A. Complaint in Interpleader

The "primary purpose" of an interpleader action is to protect disinterested stakeholders from multiple liability and the expense of several lawsuits. See Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030, 1034 (9th Cir. 2000).

However, Rule 22 is a procedural device that, by itself, does not confer subject matter jurisdiction. Gelfgren v. Republic Nat. Life Ins. Co., 680 F.2d 79, 81 (9th Cir. 1982). Thus, if a plaintiff brings an interpleader action under Fed. R. Civ. P. 22, there must be an independent basis for jurisdiction, that is, federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. See id.

"[I]n order to avail itself of the interpleader remedy, a stakeholder must have a good faith belief that there are or may be colorable competing claims to the stake." Michelman v. Lincoln Nat'l Life Ins. Co., 685 F. 3d 887, 894 (9th Cir. 2012).

### IV. DISCUSSION

The Court denies all pending motions without prejudice and finds that a stay of this case is

1  warranted.

2       A district court "has broad discretion to stay proceedings as an incident to its power to
3  control its own docket." Clinton v. Jones, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945
4  (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). A stay is discretionary
5  and the "party requesting a stay bears the burden of showing that the circumstances justify an
6  exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34, 129 S. Ct. 1749, 173 L. Ed. 2d
7  550 (2009). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc.
8  v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007).  An indefinite or lengthy stay
9  requires greater justification than a limited stay. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir.
10 2000). The Court should "balance the length of any stay against the strength of the justification
11 given for it." Id.

12      "The Constitution does not ordinarily require a stay of civil proceedings pending the
13 outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th
14 Cir. 1995).  "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when
15 the interests of justice seem[ ] to require such action.'" Id. (citations omitted).

16      Here, the Court construes pro-se Counterplaintiff Mr. Harris' Answer and Counterclaim as
17 containing within it a motion for a stay.  In the relief requested section, he lists a stay of proceedings
18 until resolution of his criminal trial.   Additionally, Nevada law specifically authorizes this Court
19 to stay these proceedings "upon its own motion" when a claimant has been criminally charged
20 with killing the decedent. NRS § 41B.260(4). Mr. Harris' criminal trial is scheduled to be held in
21 May of this year. To avoid unfair prejudice to Mr. Harris, and in the interest of Justice, the Court
22 STAYS this proceeding through June 15, 2023.  The Magistrate Judge has already stayed
23 Discovery on these grounds, and required Ms. Ray (who moved to stay Discovery) to file a status
24 report on June 30, 2023.

25    /
26    /
27    /
28    /

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that all pending motions are DENIED WITHOUT PREJUDICE, and this is matter is STAYED through June 15, 2023.

DATED March 27, 2023.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**