**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

PRIMERICA LIFE INSURANCE COMPANY,

Plaintiff,

v.

AARON L. HARRIS, *et al.*,

Defendants

Case No. 2:22-cv-00660-RFB-BNW

**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS**

Before the Court is Plaintiff's renewed Motion to Dismiss Defendant Harris's Counterclaims (ECF No. 62). For the following reasons, the Court grants the motion.

## I. RELEVANT BACKGROUND

On April 21, 2022, Plaintiff Primerica Life Insurance Company ("Primerica") commenced an interpleader action against Defendants seeking declaratory relief regarding a life insurance policy. See ECF No. 1. On May 11, 2022, Defendant Harris filed an answer and counterclaim. See ECF No. 9. On June 1, 2022, Primerica filed a motion to dismiss itself from the interpleader action and a motion to dismiss Defendant Harris's counterclaim. See ECF No. 12. The Court denied Primerica's motions without prejudice and stayed the interpleader action through Mr. Harris's pending criminal trial. See ECF No. 42. The Court incorporates by reference the factual background contained in its March 27, 2023, Order, see ECF No. 42, and adds the following. On October 6, 2025, Primerica filed an unopposed motion for interpleader disbursement. See ECF No. 58. On November 24, Primerica filed a motion to dismiss itself from the interpleader action, see ECF No. 61, and a renewed motion to dismiss Mr. Harris's counterclaims, see ECF No. 62. The Court held a hearing on these motions on June 2, 2026. See ECF No. 73. The Court granted Primerica's motions to disburse and to dismiss from the interpleader action, and set a briefing

schedule for the motion to dismiss counterclaims. The motion is now fully briefed, and the Court's order on the motion follows.

## II. LEGAL STANDARD

As a preliminary matter, the Court finds that it has jurisdiction to hear Mr. Harris's counterclaim under Federal Rule of Civil Procedure 13. See 7 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1715 (3d ed. Apr. 2026 update) ("Indeed, a counterclaim by a claimant against a disinterested stakeholder also may be appropriate, as long as the standards of Federal Rule of Civil Procedure 13 are met.").

The court may dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. APT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). Conversely, if a claimant fails to allege non-conclusory facts that, together with reasonable inferences, are plausibly suggestive of a claim for relief, The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that a claimant must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

///

///

## III. DISCUSSION

Courts are obligated to construe *pro se* filings liberally. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As such, the Court construes Mr. Harris's counterclaim as alleging that Primerica engaged in (1) abuse of process and (2) civil conspiracy. The Court addresses each claim in turn.

First, under Nevada law, the elements of an abuse of process claim are: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." LaMantia v. Redisi, 118 Nev. 27, 30 (Nev. 2002) (citations omitted). Mr. Harris's claim, that Primerica maliciously used civil process with the intent to undermine his criminal trial, does not satisfy either element. See ECF No. 9 at 4. Mr. Harris fails to allege non-conclusory facts that could reasonably lead to the inference that Primerica had the ulterior purpose of interfering with his criminal trial. The Court also finds that Primerica's filing of the interpleader action against Mr. Harris was proper and in compliance with law, despite Mr. Harris' pending criminal case. See Nev. Rev. Stat. § 41B.260(1)(a) ("[A]n interested person may bring a civil action alleging that a person was a culpable actor in the felonious and intentional killing of a decedent . . . whether or not any person who is alleged to be a killer . . . has been, in a separate criminal action, charged with . . . being [a] culpable actor in the felonious and intentional killing of the decedent . . . ."). Further, Primerica properly joined both Defendants as individuals with claims that could expose Primerica to double or multiple liability. See Fed. R. Civ. P. 22(a)(1).[1] Thus, the Court finds that Mr. Harris fails to state a claim for abuse of process upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

Second, under Nevada law, an actionable civil conspiracy is defined as "a combination of two or more persons, who by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." Flowers v. Carville, 266 F. Supp. 2d 1245, 1249 (D. Nev. 2003) (citation omitted). "When pleading a claim for civil conspiracy, a plaintiff must plead with particular specificity as to the manner in which a defendant joined in the conspiracy and how he participated in it." Century Sur. Co. v. Prince, 265 F. Supp. 3d 1182, 1194

---

[1] Because the Court finds that Primerica acted properly, it finds meritless Mr. Harris's argument that Primerica lacked "subject matter jurisdiction." ECF No. 83 at 2. Accordingly, the Court denies Mr. Harris' request to order Primerica to answer questions regarding the interpleader action. See id. at 4.

(D. Nev. 2017), aff'd, 782 F. App'x 553 (9th Cir. 2019) (internal quotation marks and citations omitted). Mr. Harris contends that Primerica gave prosecutors a "falsely conceived notion, theory and/or motive." ECF No. 9 at 3. Such a conclusion does not identify with particular specificity how Primerica allegedly joined and participated in a conspiracy. Now that Mr. Harris's criminal case has reached a final disposition, Mr. Harris has also failed to show what damages, if any, he suffered from the alleged conspiracy. The Court finds that Mr. Harris fails to state a claim for civil conspiracy upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff Primerica's Motion to Dismiss Defendant Harris' Counterclaims (ECF No. 62) is **GRANTED**.

**DATED:** September 28, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**